UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gregory P. Mango,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CBS Interactive Inc.,<br><br>　　　　　Defendant. | Case No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Gregory P. Mango ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against Defendant CBS Interactive Inc. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1.　This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2.　Plaintiff created a photograph of late, disgraced financier Jeffrey Epstein (the "Photograph") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3.　Defendant is a media company which owns and operates a website at domain www.cbsnews.com (the "*Website*").

4.　Defendant owns and operates a social media account on YouTube named as @CBSEveningNews (the "*Account*").

5.　Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Website and the Account and engaged in this misconduct

1

knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Gregory P. Mango is an individual who is a citizen of the State of New York and who resides in Kings County, New York.

7. Upon information and belief, Defendant CBS Interactive Inc., is a New York corporation with a principal place of business at 51 West 52nd Street, New York in New York County, New York.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.** **Plaintiff's Copyright Ownership**

11. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

12. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others

2

are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

15. On February 24, 2011, Plaintiff authored the Photograph. A copy of the Photograph is attached hereto as <u>Exhibit 1</u>.

16. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

17. On December 11, 2018, the Photograph was registered by the USCO under Registration No. VA 2-130-315.

18. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.     Defendant's Infringing Activity**

19. Defendant is the registered owner of the Website and is responsible for its content.

20. Defendant is the operator of the Website and is responsible for its content.

21. The Account is a part of and used to advance Defendant's commercial enterprise.

22. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

23. Defendant has exclusive access to post content to its Account.

24. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

25. The Website is further monetized in that it sells merchandise and paid subscriptions to the public and, upon information and belief, Defendant profits from these activities.

26. The Account is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

27. On or about July 11, 2019, Defendant displayed the Photograph on the Website as

part of an on-line story at URL: https://www.cbsnews.com/news/jeffrey-epstein-billionaire-accused-of-child-sex-trafficking-what-we-know-facts-about-new-york-florida-financier/ ("Infringement #1). A copy of a screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

28. The Photograph was stored at URL:https://assets1.cbsnewsstatic.com/hub/i/r/2019/07/07/5d9ee553-8d9b-470b-9eaa-57534de5a1a9/thumbnail/620x349/4ed89a164a8d205eab23709f47ec4af5/0707-en-epstein-lenghi-1887130-640x360.jpg#.

29. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph on the Website.

30. On or about July 25, 2019, Defendant displayed the Photograph on the Account as part of a post at URL: https://www.youtube.com/watch?v=n1cCwt_GrDc("Infringement #2). A copy of a screengrab of the Account including the Photograph is attached hereto as Exhibit 2.

31. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph on the Account.

32. On or about July 25, 2019, Defendant further displayed the Photograph on the Website, no less than three times, as part of news segments at URLs: https://www.cbsnews.com/news/jeffrey-epstein-injured-in-jail-accused-pedophile-financier-found-injured-floor-of-cell-new-york-2019-07-25/ and https://www.cbsnews.com/video/jeffrey-epstein-on-suicide-watch-at-new-york-city-jail/ ("Infringements #3-#5"). A copy of screengrabs of the Website including the Photograph are attached hereto as Exhibit 2.

33. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph on the Website.

34. On or about August 9, 2019, Defendant displayed the Photograph on the Website as part of a news segment at URL: https://www.cbsnews.com/news/jeffrey-epstein-case-newly-unsealed-documents-reveal-more-alleged-high-powered-connections-2019-08-09/ ("Infringement #6"). A copy of a screengrab of the Website including the Photograph is attached

hereto as Exhibit 2.

35. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph on the Website.

36. On or about August 11, 2019, Defendant displayed the Photograph on the Website, no less than twice, as part of news segments at URL: https://www.cbsnews.com/news/jeffrey-epstein-death-apparent-suicide-inspires-conspiracy-theories-2019-08-11/ ("Infringement #7-#8"). A copy of screengrabs of the Website including the Photograph are attached hereto as Exhibit 2.

37. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph on the Website.

38. On or about August 13, 2019, Defendant displayed the Photograph on the Website as part of an on-line story at URL: https://www.cbsnews.com/news/jeffrey-epstein-worked-at-towers-financial-with-stephen-hoffenberg-who-committed-ponzi-scheme-crimes/ ("Infringement #9"). A copy of a screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

39. The Photograph was stored at URL:https://www.cbsnews.com/news/jeffrey-epstein-worked-at-towers-financial-with-stephen-hoffenberg-who-committed-ponzi-scheme-crimes/.

40. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph on the Website.

41. On or about August 13, 2019, Defendant further displayed the Photograph on the Website, no less than thirteen times, as part of a news segment at URL: https://www.cbsnews.com/news/jeffrey-epstein-worked-at-towers-financial-with-stephen-hoffenberg-who-committed-ponzi-scheme-crimes/ ("Infringements #10-#22"). A copy of screengrabs of the Website including the Photograph are attached hereto as Exhibit 2.

42. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph on the Website.

43. On or about August 27, 2019, Defendant displayed the Photograph on the Website

as part of a news segment at URL: https://www.cbsnews.com/news/jeffrey-epstein-accusers-testify-new-york-court-today-2019-08-27/ ("Infringement #23"). A copy of a screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

44. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph on the Website.

45. Plaintiff first observed and actually discovered the Infringements on June 1, 2020.

46. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

47. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5)*.

48. Infringements 1 and 9 are each an exact copy of the top half of Plaintiff's original image that was directly copied and displayed by Defendant on the Website.

49. Infringements 2-8 and 10-23 are each exact copies of the top half of Plaintiff's original image shown in video news segments for lengths of time ranging from 1-10 seconds that were directly copied and displayed by Defendant on the Website and the Account.

50. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website and Account, including, but not limited to, copying, posting, selecting, commenting on and/or displaying images including, but not limited to, Plaintiff's Photograph.

51. Upon information and belief, Defendant directly contributes to the content posted on the Website by *inter alia*, directly employing reporters, authors, and editors as its agents, including, but not limited to, Brian Pascus whose LinkedIn page listed him as a "Reporter at CBS News" at the time of the Infringements and Mola Lenghi whose LinkedIn page listed him as a

"Correspondent at CBS News" at the time of the Infringements (the "*Employees*").

52. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

53. Upon information and belief, the Photograph was willfully and volitionally posted to the Website and the Account by Defendant.

54. Upon information and belief, the Infringements were not posted to the Website at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

55. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

56. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and Account and exercised and/or had the right and ability to exercise such right.

57. Upon information and belief, Defendant monitors the content on its Website and Account.

58. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

59. Upon information and belief, the Infringements increased traffic to the Website and the Account and, in turn, caused Defendant to realize an increase in its advertising revenues and/or merchandise sales.

60. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website and the Account.

61. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

62. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

63. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

64. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

65. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

66. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

67. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

68. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

69. Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed a work copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

70. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

71. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Website and the Account.

72. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled

to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c).

73. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

74. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

75. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

   a. finding that Defendant infringed on Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

   b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.      for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d.      for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e.      for pre-judgment interest as permitted by law; and

    f.      for any other relief the Court deems just and proper.

DATED: May 4, 2023

                **SANDERS LAW GROUP**

                By:   */s/ Craig Sanders*
                Craig Sanders, Esq.
                333 Earle Ovington Blvd, Suite 402
                Uniondale, NY 11553
                Tel: (516) 203-7600
                Email: csanders@sanderslaw.group
                File No.: 124809

                *Attorneys for Plaintiff*